UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No:  18-80101-CIV-REINHART

SAPPHIRE INTERNATIONAL GROUP, INC.,
a Florida Corporation,

Plaintiff,

v.

ALLIANZ GLOBAL RISKS US INSURANCE
COMPANY, a California corporation,

Defendant.
_____/

## ORDER SETTING TRIAL PROCEDURES
## AND PRETRIAL SCHEDULING ORDER

**THIS CAUSE** is before the Court by the parties' consent and an Order referring this case to the undersigned for all further proceedings.  DE 54.  The Court held a status conference on November 29, 2018.  Pursuant to the Court's discussion with counsel, it is hereby **ORDERED** that:

1.      **Trial:**  This case is tentatively set for a **ten (10) day jury trial before U.S. Magistrate Judge Bruce Reinhart, commencing at 9:30 a.m. on Tuesday, October 15, 2019,** at the U.S. District Court, 701 Clematis Street, West Palm Beach, Florida.  A Pre-trial Status Conference will be held at 2:00 p.m. on Monday, September 23, 2019.  Counsel may appear by phone for the pretrial conference.

2.      **Pretrial Discovery and Conference:**  Pretrial discovery shall be conducted in accordance with S.D. Fla. L.R. 16.1 and 26.1, and the Federal Rules of Civil Procedure.  The parties shall also review and abide by this Court's Standing Discovery Order, which has been set forth by separate order.

1

3. **Pretrial Stipulation:** Counsel must meet at least 45 days before trial to confer on the preparation of a Joint Pretrial Stipulation. The Joint Pretrial Stipulation shall be filed by the date set forth below and shall conform to S.D. Fla. L.R. 16.1(e). The Court will not accept unilateral pretrial stipulations, and will *sua sponte* strike any such submissions. Should any of the parties fail to cooperate in preparing the Joint Pretrial Stipulation, all other parties shall file a certification with the Court stating the circumstances. Upon receipt of such certification, the Court will issue an order requiring the non-cooperating party or parties to show cause why such party or parties (and their respective attorneys) should not be held in contempt for failure to comply with the Court's order.

4. **Proposed Voir Dire Questions, Jury Instructions, and Verdict Form:** The parties shall prepare A SINGLE JOINT SET of proposed jury instructions and verdict form, though the parties need not agree on the proposed language of each instruction or question on the verdict form. Where the parties do agree on a proposed instruction or question, that instruction or question shall be set forth in Times New Roman 14 point typeface. Instructions and questions proposed only by the Plaintiff(s) to which the Defendant(s) object shall be italicized. Instructions and questions proposed only by Defendant(s) to which Plaintiff(s) object shall be bold-faced. Each jury instruction shall be typed on a separate page and, except for Eleventh Circuit Pattern instructions clearly identified as such, must be supported by citations to authority. In preparing the requested jury instructions, the parties shall use as a guide the Pattern Jury Instructions for civil cases approved by the Eleventh Circuit, including the directions to counsel contained therein. A copy of each side's proposed voir dire questions, as well as the joint jury instructions and verdict form shall be submitted to the Court via email (reinhart@flsd.uscourts.gov) in Word format.

2

5.    **Witness and Exhibit Lists:**  Counsel shall submit to the Court a typed list of proposed witnesses and/or exhibits.  All exhibits shall be pre-labeled in accordance with the proposed exhibit list.  Exhibit labels must include the case number, the exhibit number, and the party offering the exhibit. The typewritten exhibit list shall set forth the exhibit number and description of each exhibit.  The exhibit list shall conform to the requirements of Form AO 187, which is available from the Clerk's office.  At the completion of the trial, the parties shall deliver to the Court a USB flash drive that contains digital copies of the exhibits admitted into evidence. The parties must also comply with Local Rule 5.3.

6.    **Extensions of Pretrial Deadlines and Motions to Continue Trial:**  Provided that all parties are in agreement, any pretrial deadline(s) *prior* to the deadline for the filing of dispositive motions may be modified without Court order by filing a joint notice indicating the new pretrial deadline(s) reached by agreement.  A motion need not be filed.  If the parties elect to modify deadlines by agreement, the parties should not anticipate that the Court will modify other deadlines.  Only when the parties are unable to agree on a modification of a pretrial deadline, should they file a motion with the Court. Any motion seeking to extend the dispositive motion deadline or trial date should set forth good cause and contain **detailed** information in support of the motion, including the amount, timing, and type of discovery that was undertaken in the case.

7.    **Motions for Summary Judgment and Statements of Material Facts:**  Local Rule 56.1(a) requires a motion for summary judgment (and opposition thereto) to be accompanied by a statement of material facts. Pursuant to Local Rule 56.1(a)(2), this statement of material facts must be supported by *specific* references to pleadings, depositions, answers to interrogatories, admissions, and affidavits on file with the court.  In the event a respondent fails to controvert a movant's supported material facts in an opposing statement of material facts, the

movant's material facts will be deemed admitted.  Local Rule 56.1(b).  The Court hereby orders the parties to file any statement of material facts as follows:

A statement of material facts shall be a separate filing from a motion for summary judgment or a response to a motion for summary judgment.

Each material fact in the statement that requires evidentiary support shall be supported by a specific citation. This specific citation shall reference pages (and line numbers, if necessary) of exhibits. When a material fact requires evidentiary support, a **general citation to an exhibit, without a page number or pin cite, is not permitted**.

Each cited exhibit must be an attachment to the statement of material facts. By way of example, a statement of material facts may be filed in CM/ECF5 with attachments as follows:

| Document Number: 113 | | 8 pages | 206 kb |
|---|---|---|---|
| **Attachment** | **Description** | | |
| 1 | Exhibit A - Amended Complaint | 33 pages | 1.0 mb |
| 2 | Exhibit B - ███████ Answer to Amended Complaint | 5 pages | 105 kb |
| 3 | Exhibit C - ███████ Affidavit dated 7/28/15 | 27 pages | 4.4 mb |
| 4 | Exhibit D - Part 1 - ███████ Affidavit dated 6/10/15 | 11 pages | 292 kb |
| 5 | Exhibit D - Part 2 | 33 pages | 1.1 mb |
| 6 | Exhibit D - Part 3 | 17 pages | 0.6 mb |
| 7 | Exhibit D - Part 4 | 27 pages | 7.7 mb |
| 8 | Exhibit D - Part 5 | 25 pages | 4.1 mb |

A respondent's statement of material facts must specifically respond to each statement in the movant's statement of material facts. By way of example, if a movant's statement of material facts reads as follows:

1. Blackacre is owned by Movant. Exhibit B, ¶ 2.

2. Blackacre is currently under contract for sale. Exhibit C, pgs. 2-4.

A respondent's statement of material facts must clearly respond to each of the foregoing:

Paragraph 1: Undisputed

Paragraph 2: Disputed. The contract for sale was never executed. Exhibit A, ¶ 5.

After a respondent addresses each of a movant's statement of material facts (and all disputed facts should be supported by specific citations) as above, a respondent may provide additional statements of material fact in accordance with the requirements of this Order.

In the event a party fails to comply with the requirements delineated in this section, the Court may strike the deficient statement of material facts and require immediate compliance, grant an opposing party relief, or enter any other sanction that the Court deems appropriate.

8.      **Computers and Other Equipment:** Counsel desiring to utilize laptop computers or other electronic equipment in the courtroom shall file a motion and submit a proposed order granting such use one week prior to the commencement of trial.  The motion and proposed order should describe with specificity (1) the equipment, (2) the make and model of the equipment, and (3) the identity of the person who will bring the proposed equipment.  Counsel shall contact the courtroom deputy at least one week prior to trial to discuss any special equipment (video monitor, etc.) that may require special arrangements.

9.      **Mediation/Settlement Conference:**  Pursuant to Local Rule 16.2, this case is referred to mediation.  The parties are encouraged to avail themselves of the services of any

mediator on the List of Certified Mediators, maintained in the office of the Clerk of the Court, but may select any other mediator.  The parties shall agree upon a mediator and file a Notice of Mediator Selection by the deadline provided in this Order.  If there is no agreement, lead counsel shall promptly file a Request for Clerk to Appoint Mediator.  The Clerk of the Court shall then designate, on a blind rotation basis, a mediator from the List of Certified Mediators.  If the parties cannot mutually agree to a place, date, and time for the mediation, they may move the Court for an order dictating the place, date, and time.

The appearance of counsel and each party or representatives of each party with full authority to enter into a full and complete compromise and settlement is mandatory.  If insurance is involved, an adjuster with authority to settle up to the policy limits shall attend.

If the case is settled, counsel shall so inform the Court within two court-days of settlement by submitting an appropriate notice of settlement, stipulation for dismissal, or motion for dismissal, pursuant to Federal Rule of Civil Procedure 41(a). See Local Rule 16.4. The parties shall attend all hearings and abide by deadlines unless and until an order of dismissal is filed.

## PRETRIAL SCHEDULING ORDER

The parties shall adhere to the following pretrial deadlines:

| | |
|---|---|
| January 31, 2019 | All fact discovery shall be completed. |
| February 28, 2019 | Plaintiff shall provide opposing counsel with a written list with the names and addresses of all expert witnesses intended to be called at trial and only those expert witnesses listed shall be permitted to testify. Plaintiff shall also furnish opposing counsel with expert reports or summaries of its expert witnesses' anticipated testimony in accordance with Fed. R. Civ. P. 26(a)(2). |
| March 28, 2019 | Defendant shall provide opposing counsel with a written list with the names and addresses of all expert witnesses intended to be called at trial and only those expert witnesses listed shall be |

permitted to testify. Defendant shall also furnish opposing counsel with expert reports or summaries of its expert witnesses' anticipated testimony in accordance with Fed. R. Civ. P. 26(a)(2).

| | |
|---|---|
| May 15, 2019 | All expert discovery shall be completed. |
| July 12, 2019 | All pretrial dispositive and non-dispositive motions, including summary judgment motions, shall be filed. Response and reply papers are due in accordance with Local Rule 7.1(c). |
| July 12, 2019 | Any *Daubert* motions shall be filed. |
| August 6, 2019 | Parties shall furnish opposing counsel with a written list containing the exhibits to be used at trial, as well as the names and addresses of all non-expert witnesses intended to be called at trial and only those witnesses listed shall be permitted to testify.<br><br>Joint Pretrial Stipulation shall be filed. Designations of deposition testimony shall be made. |
| August 16, 2019 | Any motions *in limine* shall be filed. Objections to deposition designations and counter-designations shall be filed. |
| August 30, 2019 | Responses to motions *in limine* shall be filed. Objections to counter-designations of deposition testimony and any reply designations shall be filed.<br><br>Each party's *voir dire* questions, as well as the jointly proposed Jury Instructions and Verdict Sheet shall be emailed to chambers. |
| September 23, 2019 | Pretrial Conference (2:00 p.m.) |
| October 15, 2019 | Tentative start of jury trial. |

**DONE AND ORDERED** in Chambers at West Palm Beach in the Southern District of Florida, this 10th day of January, 2019.


_____
BRUCE REINHART
United States Magistrate Judge